**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Theopolis Max DANIELS, Defendant—Appellant.**

**No. 03–30291.**

**D.C. No. CR–02–00141–EJL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided March 10, 2004.

George W. Breitsameter, Asst U.S. Atty., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Steven C. Mahaffy, Moscow, ID, for Defendant–Appellant.

Before SNEED, SKOPIL, and LEAVY, Circuit Judges.

MEMORANDUM**

Theopolis Daniels appeals the 30–month sentence imposed following his guilty plea conviction for conspiracy and theft from a tribal organization in violation of 18 U.S.C. §§ 371 and 1163. Daniels argues that the district court erred in imposing a two-level enhancement to his base offense level for his role in the offense, pursuant to U.S.S.G. § 3B1.1(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Because the parties are familiar with the background facts and prior proceedings, we will not recite them here.

Daniels contends that the district court erroneously applied a two-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(c). We disagree. The adjustment applies if the government establishes one incident where the defendant exercised authority over or directed the actions of even one participant. *See United States v. Maldonado,* 215 F.3d 1046, 1050–51 (9th Cir.2000) (concluding that "a single incident of persons acting under a defendant's direction is sufficient to support a two-level role enhancement").

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Daniels contends that the two-level enhancement was imposed as a result of the district court's prejudicial bias. The alleged bias must constitute "an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). The record does not support Daniels' contention. The district court's remarks were supported by facts from the presentence report. *See United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988). Furthermore, there was no mention whatsoever of ethnicity.

AFFIRMED.

AFFIRMED.

■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.